No. 229
STATE ex rel v. INDUSTRIAL COM.
Ohio Supreme Court
No. 17252. December 5, 1922
This opinion has not been published except in Abstract.

WORKMEN'S COMPENSATION—(1) Application to Probtae Court under 10772 GC. for consent to make settlement, effect of—(2) Obtaining it, and executing release by the dependent, not a waiver of rights—Jurisdiction of Industrial Commission.
IN PROHIBITION:
Epitomized Opinion

Lawrence Dolexander sustained injuries as an employe of the Trumbull Steel Co., which later resulted in his death. Thereupon negotiations were had between the administrator and the company, and a settlement agreed upon. The administrator then filed in the Probate Court of Trumbull county, his application under 10772 GC. for authority to make it, which was approved by that court, and it authorized such settlement, "in full satisfaction." The amount agreed upon, $2,000, was then paid to the administrator and distributed according to law. The widow also executed a separate release, for all her claim for compensation. Soon after she filed an application with the State Industrial Commission, asking for an adjustment of compensation due her from the steel company under the Workman's Compensation law. The steel company made motion to dismiss this application, upon the theory that the commission had no jurisdiction to determine the claim, and thereupon this case, in prohibition, was instituted in the Supreme Court. Held:

1. The application of an administrator to the Probate Court, under favor of Section 10772 GC., for consent to make settlement for injuries resulting in the death of his decedent while in the course of employment is not the institution of proceedings in the courts for damages, within the contemplation of Section 1465-76 GC.

2. The obtaining of such consent of the administrator, and the execution of a release of damage of the dependent, do not constitute a waiver by the latter of her claim for compensation; nor do they preclude such dependent from thereafter making application therefor.

Attorneys—Harrington, De Ford, Huxley & Smith, for the plaintiff; John G. Price, Atty. Gen., and R. R. Zurmehly, for defendant, and George B. Okey, amici curiae.

---

No. 230
GLOBE SECURITY & LOAN CO. v. CARRELL, Auditor
Ohio Supreme Court
No. 17212. Nov. 21, 1922
This opinion has not been published except in Abstract.

MUNICIPAL LAW—(1) Power of enacting occupational taxes—(2) 6346-1 and 2 GC. do not restrict the right—(3) Tax imposed by the ordinance not a business prerequisite.

ROBINSON, J.:
Epitomized Opinion
Error to Hamilton County Common Pleas

On Aug. 20, 1920, the Council of Cincinnati passed an ordinance to levy an Accupational Tax of $100 upon certain persons, firms or corporations doing business in the city as brokers of various kinds, loaning money upon chattel mortgages, salaries, wages, other than a national or state bank. This act brought to restrain the defendant as city auditor, from collecting the tax. Four other similar cases were brought by different plaintiffs, and all heard and decided together. A demurrer was filed in each case, and on being sustained in the common pleas, error was proshecuted in the Court of Appeals, and the judgments affirmed by it. In affirming them, the Supreme Court held:

1. That the city of Cincinnati has power to enact an occupational tax, and so long as the state, through its General Assembly, does not lay an occupational tax on business, trade, vocations and professions followed in the state, may raise revenue for local purposes through such taxes. State v. Carrell, 99 O. S. 220.

2. That 6346-1 G. C. requires persons in the businesses aforesaid to obtain a city license, it is a regulatory as distinguished from a revenue measure, and while 6346-2 G. C. restricts the state from exacting further license fees, it in no way restricts it or the municipality from levying an excess tax as a revenue measure.

3. The ordinance in this case does not attempt to make the business unlawful, or to regulate the manner of its operation, or to confer on the person engaged in it any privilege, but on the contrary, imposes a tax, the payment of which is not a prerequisite to the right to engage in such business, any more than is the payment of any other excess tax such a prerequisite.

Attorneys—McCauley & Simmonds, Burton E. Robinson, Buchwalter, Headley & Smith, Ralph Clark and Sandford Brown, for plaintiffs in error; Saul Zielonka, Sol. for the City.